**Grady TILLERY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25279.

United States Court of Appeals
Fifth Circuit.

June 21, 1968.

---

Roy Lilly, Thomasville, Ga., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

PER CURIAM.

Tillery was convicted on two counts of transporting stolen property in interstate commerce, the first based on a conspiracy and the other based on a substantive violation. 18 U.S.C.A. §§ 371, 2314. There are four assignments of error. Three are based on the failure of the court to grant motions for mistrial. The first motion for mistrial was based on two grounds: One, that prejudicial evidence regarding Tillery being on parole was introduced; and two, that Tillery, an Alabama State prisoner at the time, was improperly and unfairly attired. The other motion was based on the admission of a statement regarding thieves from Alabama and the claim is that this prejudiced Tillery because he was from Alabama. The last assignment of error complains of a portion of the court's charge to the jury. We affirm.

The statement regarding Tillery being on parole was made by a co-conspirator in response to a question from Tillery's counsel on cross-examination. It was unresponsive to the question and the court offered to give a cautionary instruction. This offer was declined on the basis that such an instruction would emphasize the statement to the further prejudice of Tillery. We do not think a mistrial was indicated; a cautionary instruction would have been entirely sufficient in the circumstances.

With respect to Tillery's attire, he came to the trial dressed in his Kilby Prison clothing. The United States Marshall gave him a pair of coveralls to wear during the trial and he was so dressed at the time the motion for mistrial was made. His dress did not indicate that he was a prisoner. His white shirt collar could be seen under the coveralls and the shoes were regular. The claim was that the coveralls were ill fitting but the court viewed the defendant and his dress and concluded that the requisite unfairness was not present. We agree. The court

did not err in denying the motion for mistrial on these two grounds.

■ The testimony regarding "thieves from Alabama" was in response to a question asked of a government investigator by counsel for a co-defendant. This evidence did not prejudice Tillery. It is true that he was from Alabama but the investigator was simply stating what he had been doing and it was undisputed that there had been a theft in Alabama. Tillery was asserting his innocence and, taken in context, we are unable to find error in this incident. A mistrial was clearly not indicated.

■ The alleged error in the charge is based on one sentence of the charge relating to burden of proof and reasonable doubt. The charge must be considered as a whole. Considering the entire charge on reasonable doubt we conclude that the sentence complained of passes muster in context. We do not commend its use because of the very fact that, standing alone, it can be argued that there is some suggestion of a burden on a defendant to come forward with proof indicating a reasonable doubt.

Affirmed.